IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ZELLNER et. al,

    Plaintiffs,

    v.

MONROE COUNTY MUNICIPAL
WASTE MANAGEMENT AUTHORITY,
et. al,

    Defendants.

NO. 3:07:-CV-1852

(JUDGE CAPUTO)

## **MEMORANDUM ORDER**

    Before me is Plaintiffs' Complaint. (Doc. 1.) The Plaintiffs have alleged jurisdiction pursuant to 28 U.S.C. §§ 1131, 1143, and 1367. (*Id.* ¶ 2.) However, 28 U.S.C. §§ 1131 and 1143 do not exist. Section 1367 only provides for supplemental jurisdiction, and fails to create original jurisdiction in the district court. Plaintiffs state that their action arises under violations of 28 U.S.C. §1983, but §1983 is not a jurisdictional statute, and only creates a remedy. *Gonzalez v. Young*, 560 F.2d 160, 163-64 (3d Cir. 1977). Plaintiffs also allege claims pursuant to Section 1988, but this statute alone does not confer jurisdiction. *See Nguyen v. Benson Toyota, Inc.*, Civ. A. No. 96-2644, 1996 WL 650902, at *1 (E.D.La. Nov. 6, 1996). Nor does 18 U.S.C. §1962 create jurisdiction within the federal district court. Such a reference only implicitly references jurisdiction. *See Kent County Memorial Hosp. V. Balasco*, Civ. A. No. 89-0075B, 1990 WL 17157, at *3 (D.R.I. Feb. 13, 1990).

    Subject matter jurisdiction must be averred in the complaint. FED. R. CIV. P. 8(a). Plaintiffs have failed to properly do so.

**NOW,** this 22nd day of October, 2007, upon review of the Plaintiffs' Complaint, **IT IS HEREBY ORDERED THAT** this action is **DISMISSED** without prejudice based upon lack of subject matter jurisdiction.

        /s/ A. Richard Caputo
        A. Richard Caputo
        United States District Judge